UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DASHAWN SHAMBLEY,

        Plaintiff,       **FIRST AMENDED**
                     **COMPLAINT**

   -against-

THE CITY OF NEW YORK and POLICE OFFICER
THOMAS E. REO OF THE 113th PRECINCT,   Docket No: 14CV5840(KAM)(RER)


                 Jury Trial Demanded
         Defendants.
------------------------------------------------------------------------X

   Plaintiff DASHAWN SHAMBLEY, by his attorneys, Dunlop & Associates, PC, hereby respectfully alleges for his First Amended Complaint against the defendants as follows:


## PRELIMINARY STATEMENT


1.  This is an action to vindicate the civil rights of Dashawn Shambley ("Plaintiff") brought pursuant to 42 U.S.C. §1983 and the Fourth and Fourteen Amendments to the United States Constitution to assert claims brought on Plaintiff's behalf. Plaintiff contends that Police Officer Thomas E. Reo falsely seized him, falsely imprisoned him and maliciously prosecuted him for a crime that he knew, or reasonably should have known, Plaintiff did not commit. Indeed, the indictment upon which Plaintiff was brought to trial on two (2) different occasions, alleging a charge of burglary, a C felony, was procured by fraud and obtained by reckless disregard for the truth, when the District Attorney's office relied on the fraudulent statements of Police Officer Thomas E. Reo. The criminal proceedings terminated in Plaintiff's favor, were dismissed and sealed pursuant to NY C.P.L. §160.50. However, Plaintiff suffered substantial and irreparable harm as a result of Police Officer Thomas E. Reo's malicious prosecution.


2.  During the incident, Defendants City of the New York and Police Officer Thomas E. Reo of the 113th Precinct stopped Plaintiff and a companion without having reasonable suspicion to do so, seized Plaintiff without having founded suspicion to do so and arrested Plaintiff without having probable cause to do so.  After Plaintiff was taken into custody, Police Officer initiated and

continued criminal proceedings against him, causing Plaintiff to be held in custody for approximately 11 months and defending himself in two separate jury trials. The criminal proceedings terminated in Plaintiff's favor when he was acquitted of all charges and released.

3.     During the incident, Defendants City of New York their agents, servants and/or employees, were careless and negligent in, among other things, their failure to properly train, monitor, manage and supervise their police officers in the use of police tactics, their failure to only approach suspects upon a showing of reasonable suspicion, their failure to only search suspects upon a showing of founded suspicion and their failure to only arrest suspects upon a showing of probable cause.

4.     Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by Plaintiff by unlawfully stopping individuals solely on the basis of race, by demonstrating deliberate indifference to the Plaintiff's constitutional rights by failing to properly train, retain, supervise, discipline, and monitor Police Officer Thomas E. Reo and improperly retaining and utilizing him despite being aware and on notice that Police Officer Thomas E. Reo was likely to violate the Plaintiff's constitutional rights.

5.     By this action, Plaintiff seeks redress for the violations of his constitutional and civil rights and to recover compensatory and punitive damages from Defendant City of New York, an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

6.     This action is brought pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§1391 and 1343.

7.     Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c).

2

## PARTIES

8.    Plaintiff Dashawn Shambley, who at the time of incident was a 22 year old African American male and citizen of the United Sates, living in Queens, New York.

9.    Defendant City of New York ("City") is a municipal corporation duly organized, authorized and existing under and by virtue of the laws of the State of New York.

10.    At all times relevant, defendant Police Officer Reo acted under color of state law in the course and scope of his duty and function as an agent, employee, and officer of the City and the NYPD.

11.    Police Officer Thomas E. Reo is sued in his individual and official capacity.

## FACTUAL ALLEGATIONS

12.    The incident occurred on November 6, 2010, at approximately 9:15 PM, while Plaintiff was in the vicinity of 110th Street and Merrick Boulevard in the County of Queens.

13.    At the above time and location, Police Officer Thomas E. Reo committed the following unlawful acts against Plaintiff.

14.    Plaintiff and another individual Rashawn Bell, were walking when Police Office Reo and approximately three to four other members of the NYPD drove past them in a marked police vehicle and made a U-turn at the end of the street.

15.    Plaintiff and Rashawn Bell continued to walk in the same vicinity and the police officers put on the sirens on and stopped in front of them without cause, pursuant to a City of New York policy, practice and/or custom of unlawfully profiling and confronting minority men on the street.

16.    Police Officer Thomas E. Reo advised Plaintiff that he wanted to speak with him. Plaintiff

ignored him and continued to walk.

17.     The police vehicle stopped in front of Plaintiff and Rashawn Bell while the two men were crossing in the intersection in the same vicinity and Police Officer Thomas E. Reo again advised Plaintiff that he wanted to talk to him.

18.     Without cause or justification, approximately three to four police officers, led by Police Officer Reo stepped out of the vehicle, and Police Officer Reo approached Plaintiff while the other police officers approached Rashawn Bell.

19.     Without cause or justification, Police Officer Reo asked Plaintiff for his identification and Plaintiff complied by handing Police Officer Reo his New York State non-driver's identification card.  Police Officer Reo advised Plaintiff that he was investigating a home break in and told Plaintiff to turn and face the police car.

20.     Police Officer Reo advised Plaintiff that he matched the description of an individual wearing dark clothing and that individual trespassed on property in the neighborhood.

21.     Police Officer Reo seized Plaintiff, placed handcuffs on Plaintiff, put Plaintiff in the police vehicle and transported him to the 113th Precinct in the County of Queens.

22.     Police Officer Reo did not have an objectively reasonable basis to stop, search, seize or arrest Plaintiff. At no time did Police Officer Reo take the appropriate steps that would have disclosed that Plaintiff had no warrant history, no arrest history and was not the individual that he sought in connection with an alleged burglary.

23.     Plaintiff was booked at the 113th Precinct and held for approximately 3 hours until he was transported to Central Booking and arraigned on a single count of burglary, which is a C felony.

24.     Plaintiff pled not guilty to the charge and bail was set at $30,000 bond over $15,000 cash. Plaintiff was transported to the Vernon C. Bain Center (the "Boat") in the Bronx.

25.     Plaintiff was never given an opportunity to testify in the grand jury and was indicted the following week on a single count of burglary in the second degree for allegedly entering into a house on 111th Avenue in the County of Queens. Plaintiff continued to maintain his innocence.

26.     Upon information and belief, P.O. Reo provided false and malicious information concerning Plaintiff to the District Attorney's Office of Queens County and to the grand jury and that information was used to indict Plaintiff.

27.     Plaintiff was in custody on the Boat from the dates of November 8, 2010 to June 2011 and then on Rikers Island in C-95, a notorious gang infested dormitory until his release on October 5, 2011.

28.     Plaintiff was not affiliated with gang activity so he was faced with gang violence, intimidation and fear on a daily basis.

29.     Police Officer Reo knew that he stopped Plaintiff based on his race and arrested Plaintiff based on his false and malicious allegations and without any reliable information from any civilian complainant or alleged victims.

30.     At no time during the events described hereunder, was Police Officer Reo justified in arresting Plaintiff.

31.     At no time during the events described hereunder did Police Officer Reo have probable cause to arrest and seize Plaintiff. At no time did Plaintiff fail to comply with any of Police Officer Reo's orders or interfere with any investigation or police activity being conducted by Police Officer Reo.

32.     Upon information and belief, based solely on the continued cooperation of Police Officer Reo, wherein he provided false and malicious information, Plaintiff was forced to appear in Supreme Court, Queens County and reside in gang infested dorms on the Boat and on Rikers Island for

more than the eleven (11) months to defend himself.

33.   On October 6, 2011, the District Attorney's Office tried Plaintiff in front of a jury and Plaintiff was acquitted on all charges and subsequently released from custody.

34.   Defendants' illegal and malicious actions were undertaken pursuant to the City of New York's customs, practices and policies of sloppily and recklessly investigating criminal activity in the City of New York, of racially profiling African-American and Latino men while walking in urban neighborhoods, of illegally imprisoning and prosecuting individuals based solely on the naked allegations of police officers, without any corroboration or investigation resulting in the level of probable cause necessary to arrest Plaintiff, which was evident here by Plaintiff's full acquittal. Further, it is the City of New York's practice and policy to continue a prosecution, even after learning of the fraudulent and malicious statements relied on by Police Officer Reo during the malicious prosecution of Plaintiff.

35.   The aforesaid events are not an isolated incident.

36.   Defendant City of New York is aware from its own observations, and from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board that many of the NYPD's officers, including Police Officer Reo are insufficiently trained as they continuously approach individuals on the street solely based on their race.

37.   Defendant City of New York is further aware that such improper training has often resulted in a deprivation of civil rights.

38.   Despite such notice, City of New York has failed to take corrective action.

39.   Further, Defendant City of New York was aware prior to the incident that many of the NYPD's officers, including Police Officer Reo lack the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.

40. Despite such notice, Defendant City of New York has retained Police Officer Reo and failed to adequately train and supervise him.

41. At all times, Defendant City of New York, by the NYPD, and its agents, servants and/or employees, carelessly, negligently and recklessly supervised, controlled, managed, maintained and inspected the activities Police Officer Reo.

42. Moreover, Plaintiff's rights with respect to being free from false imprisonment and malicious prosecution are clearly established and reasonable persons employed by the City of New York are aware of these rights, or have reasons to be so aware of these rights.

43. Police Officer Reo's instigation of the commencement of the criminal proceedings, coupled with his continued cooperation with the District Attorney's office was outrageous, malicious, done with an improper motive, and were intended to injure Plaintiff with no desire to achieve justice. Moreover, Police Officer Reo's illegal actions were done with reckless indifference to Plaintiff's protected rights, entitling Plaintiff to punitive damages against Police Officer Reo.

44. Police Officer Reo acted under pretense and color of state law.

45. At all relevant times, Police Officer Reo was acting pursuant to his authority as an NYPD employee.

46. As a further and proximate result of Defendants' illegal acts towards Plaintiff, Plaintiff has suffered mental anguish, extreme embarrassment and emotion injury.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
*(Violation of Plaintiff's Fourth Amendment Rights under 42 U.S.C. §1983 Arising from Police Officer Reo's Malicious Prosecution)*

47. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 46 with the same force and effect as if fully set forth herein.

48. Police Officer Reo instituted the criminal proceedings against Plaintiff without probable cause as is evident by the People's failure to convict Plaintiff on the single charge of burglary after two (2) jury trials.

49. Police Officer Reo knowingly and maliciously provided false and fraudulent information in support of Plaintiff's continued prosecution.

50. Plaintiff's criminal prosecution ended in his favor when a jury acquitted him after trial.

51. Police Officer Reo violated the Fourth Amendment and the Fourteenth Amendment of the United States Constitution by maliciously prosecuting Plaintiff, by providing false and malicious testimony in the Grand Jury, and by continuing to provide false and malicious information in his cooperation with the District Attorney's office, even after it became evident that there was no basis in fact or in law to support Plaintiff's prosecution. Police Officer Reo provided false and fraudulent information resulting in clear evidence of malice and/or a reckless disregard for the truth. These violations are actionable under 42 U.S.C. §1983.

52. All of Police Officer Reo's aforementioned acts were carried out under the color of state law.

53. As a result of Police Officer Reo's unconstitutional conduct, Plaintiff demands judgment in a sum of money to be determined at trial.

<u>SECOND CAUSE OF ACTION</u>

*(Monell Claim Against the City of New York)*

54. Plaintiff hereby repeats and realleges each allegation numbered in paragraphs 1 through 53 as if the same were fully set forth at length.

55. Defendant City of New York, through a policy, practice and/or custom, directly caused the constitutional violations suffered by Plaintiff by unlawfully stopping individuals solely on the basis of race and by demonstrating deliberate indifference to Plaintiff's constitutional rights by

failing to properly train, retrain, supervise, discipline, and monitor Police Officer Reo and improperly retaining and utilizing him despite being aware and on notice that he was likely to violated the Plaintiff's constitutional rights.

56.   The existence of the aforesaid unconstitutional policy, practice and custom of profiling African American and Latino males may be inferred by the August 12, 2013 decision in *Floyd, et al. v. City of New Yrok, et al.,* 08-cv-1034(SAS), finding that the NYPD had violated the rights of thousands of citizens with respect to the application of its "Stop and Frisk" policy.

<u>THIRD CAUSE OF ACTION</u>

*(For Negligent Hiring, Training, Supervision and Retention of Incompetent Personnel Against the City of New York)*

57.   Plaintiff incorporates the allegations contained in paragraphs 1 through 56 as if fully set forth herein.

58.   Defendant City of New York hired defendant Police Officer Reo despite being aware that he was unfit, incompetent and unable to discharge his official responsibilities.

59.   Defendant City of New York did not train defendant Police Officer Reo despite being aware that he was unfit, incompetent and unable to discharge his official responsibilities.

60.   Defendant City of New York did not adequately supervise defendant Police Office Reo despite being aware that he was unfit, incompetent and unable to discharge his official responsibilities.

61.   Defendant City of New York retained defendant Police Officer Reo despite being aware that he was unfit, incompetent and unable to discharge his official responsibilities.

62.   Accordingly defendant City of New York is liable to Plaintiff for negligent hiring, training, supervision and retention of incompetent personnel.

<u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff prays that this Court grant to him judgment containing the following relief:

a.      An award of compensatory damages to be determined at the time of trial to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

b.      An award of punitive damages to be determined at the time of trial as against Police Officer Reo;

c.      An award of reasonable attorneys' fees and the cost of this action pursuant to 42 U.S.C. §1988; and

d.      Such other and further relief as this Court may deem just and proper.

DATED:      Brooklyn, New York
            July 13, 2015

                        DUNLOP & ASSOCIATES, PC
                        *Attorney for Plaintiff*
                        198 Rogers Avenue
                        Brooklyn, New York 11225
                        (718) 403-9261 Telephone
                        (614) 455-9261 Facsimile


                        _____
                        Victor A. Dunlop, Esq.

10